**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**COMPLAINT**

| | |
|---|---|
| **SHELDON THOMPSON,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC,**<br><br>Defendant. | CASE NO. ______________________<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

**Introduction**

1. This is a civil action for actual damages, statutory damages, and costs brought by Sheldon Thompson ("Plaintiff"), an individual consumer, against Defendant Equifax Information Services LLC ("Equifax"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter the "FCRA").

**Jurisdiction**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b)(2), because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district. Defendant Equifax transacts business in Atlanta, Fulton County, Georgia.

3. This Court has supplemental jurisdiction over any state-law claim pursuant to 28 U.S.C. § 1367.

## Parties

4. Plaintiff, Sheldon Thompson, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c), residing in Miramar, Broward County, Florida.

5. Upon information and belief, Defendant Equifax is a "consumer reporting agency" with a principal address at 1550 Peachtree Street, N.W., Atlanta, GA 30309. Equifax has a registered agent by the name of Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6. Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation, furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

8. The acts described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.

## Introduction

9. According to 15 U.S.C. § 1681a of the Fair Credit Reporting Act, the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

10. According to 15 U.S.C. § 1681i(a)(1)(A), subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

11. According to 15 U.S.C. § 1681e(a) of the FCRA, every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title.

12. Furthermore, 15 U.S.C. § 1681e(b) of the FCRA goes on to state that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

13. Defendant is subject to civil liability under 15 U.S.C. § 1681n for willful noncompliance and 15 U.S.C. § 1681o for negligent noncompliance under the Fair Credit Reporting Act.

**Factual Allegations**

14. On or about January 26, 2026, Plaintiff reviewed Plaintiff's Equifax consumer report, bearing Confirmation Number 6026601203.

15. In that report, Plaintiff observed that the accounts furnished by Bank of America and Best Buy/CBNA were reporting inaccurate and incomplete information.

16. On or about March 8, 2026, Plaintiff sent Equifax a written dispute challenging the completeness and accuracy of the information reported on those accounts, and enclosing proof of identity and the relevant pages of Plaintiff's Equifax report. (See Exhibit A). The dispute identified categories of inaccuracy including: an account status contradicting the same tradeline's own payment history; a reported balance that does not match the balance shown in the account's own twenty-four-month history; a date of last payment reported alongside a blank actual payment amount for every month displayed; a credit limit reported on an account reported as closed; a high credit exceeding the reported credit limit; a "Months Reviewed" figure that does not match the number of months displayed in the payment history; payment history missing for entire years within the life of the account; and an omitted date of first delinquency. Each inaccuracy is identified by account, by data field, and by month and year in Plaintiff's dispute letter. (See Exhibit A)

17. According to 15 U.S.C. § 1681i(a)(1) of the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is

disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

18. On or about March of 2026, Equifax sent back the results of Plaintiff's dispute and reported the disputed accounts as "Updated" and/or "Verified as Accurate." Notwithstanding, Equifax continued to report the accounts inaccurately and incompletely on Plaintiff's consumer report. (See Exhibit B)

19. In Plaintiff's dispute letter, Plaintiff pointed out the clear inaccurate and incomplete information that Equifax was reporting. Equifax in turn returned dispute results verifying the accounts as accurate while failing to update or delete any of the incomplete and inaccurate information that Plaintiff clearly pointed out. Equifax had actual knowledge of these inaccuracies from Plaintiff's dispute letter and deliberately chose to ignore them and to permit the continued reporting of the inaccurate accounts.

20. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score, and Equifax's reporting of these accounts inaccurately has caused a lower credit score to be generated.

21. Equifax received Plaintiff's dispute but wholly and entirely failed to conduct the reinvestigation required by law. Equifax failed to conduct an independent investigation, failed to review and consider all relevant information submitted by Plaintiff, and instead

merely parroted the information dictated to it by the furnishers, despite possessing evidence that the information was inaccurate. Equifax's reinvestigation results were not proper, and as a result Equifax continued reporting information that is materially misleading and thus inaccurate. *See Shaw v. Equifax Info. Servs., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (an item of information is inaccurate if it is either patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions). Equifax further verified the disputed information without account-level documentation; without documentation sufficient to verify the information reported on each account, the information cannot be verified and must be deleted.

22. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff, including when reinvestigating Plaintiff's dispute. Equifax's procedures were per se deficient by reason of these failures. Equifax's continued reporting of inaccurate information about the accounts that are the subject of the dispute, despite evidence that said information is inaccurate, is itself evidence of that failure.

23. Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following:

[a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

[b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

[c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff;

[d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

[e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

[f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information;

[g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of the information had advised Equifax to delete; and

[h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

24. Due to this reporting by Equifax on Plaintiff's consumer report, Plaintiff has suffered numerous damages including but not limited to statutory damages and actual damages including loss of credit, denial of credit, higher interest rates, loss of time due to dealing with Equifax's violations, anxiety, humiliation, damage to character, mental distress, and emotional distress. The inaccurate credit reporting by Equifax has caused Plaintiff

substantial emotional distress, and Plaintiff lives with the concern that Plaintiff's financial integrity and personal reputation are being judged on the basis of false and misleading information.

25. Plaintiff's injury is "particularized" and "actual" in that Plaintiff has suffered from a lower credit score, denial of credit, and the loss of opportunities to benefit from Plaintiff's credit as a result of Equifax failing to correctly modify or delete the inaccurate accounts as required by law. Equifax's report was disseminated to third parties who obtained Plaintiff's consumer report, including J.W. Truck Sales, Inc., Global Lending Services LLC, Ally Financial, and Professional Fin Services, each of which obtained a hard inquiry on December 13, 2025, and Wells Fargo Auto, Cap One Via Dealer, and AmeriCredit Financial Services, each of which obtained a hard inquiry on November 8, 2024. [ADD POST-DISPUTE THIRD-PARTY DISSEMINATION BY NAME AND DATE]

26. The conduct, action, and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n, and Plaintiff is entitled to recover reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681n. The continued appearance of the accounts identified by Plaintiff in Plaintiff's dispute to Equifax was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, in violation of 15 U.S.C. § 1681e(b).

## **Equifax's Reporting of the Bank of America Tradeline Is Internally Contradictory and Omits the Date of First Delinquency**

27. Equifax reports the Bank of America account ending 7993 with a Status of "Pays As Agreed."

28. The same tradeline's own payment history reports, for the year 2024, an unbroken chain of delinquency ratings escalating from 90 days past due through 180 days past due, and the same tradeline's twenty-four-month history for that same period carries Narrative Codes 262, 263, and 264, which Equifax's own disclosure defines as "120 Days Past Due," "150 Days Past Due," and "180 Days or More Past Due," respectively.

29. An account cannot simultaneously be paying as agreed and be 180 or more days past due. The status field and the payment history reported on the same tradeline cannot both be accurate, and no furnisher input is required to identify the contradiction.

30. Equifax further reports the same tradeline with an Activity Designator of "Closed," a Date Closed of February 2, 2024, and Narrative Code 065, "Account Closed By Credit Grantor," while simultaneously reporting a Credit Limit of $2,000 and a scheduled payment amount for every month displayed through December 2025.

31. Equifax reports a High Credit of $4,187 against a Credit Limit of $2,000 on the same tradeline.

32. Notwithstanding a sustained delinquency chain culminating in ratings of 180 or more days past due, and closure of the account by the credit grantor, Equifax disclosed no Date of 1st Delinquency for the Bank of America tradeline. That field is blank on the face of Equifax's report.

33. On the very same report, Equifax disclosed a Date of 1st Delinquency of January 23, 2025 for the Best Buy/CBNA tradeline. The omission of the date of first delinquency for the Bank of America tradeline was therefore selective, and not the product of any formatting limitation or systemic inability.

34. The date of first delinquency governs the date on which a delinquent account must be purged from a consumer's file under 15 U.S.C. § 1681c(a)(4). Without that date, a consumer cannot calculate when the account is required to be removed from the consumer's file, and cannot detect whether the account has been re-aged.

**<u>Equifax's Reporting of the Best Buy/CBNA Tradeline Is Internally Contradictory and Incomplete</u>**

35. Equifax reports three mutually exclusive credit limits for the Best Buy/CBNA account ending 3890 on a single tradeline: the account detail field reports a Credit Limit of $500; the twenty-four-month history reports a Credit Limit of $4,000 for each month from August 2024 through January 2025 and $500 thereafter; and Narrative Code 233, which Equifax's own disclosure defines as "Amount in High Credit Column is Credit Limit," would place the credit limit at the reported High Credit figure of $1,079.

36. Equifax further reports a High Credit of $1,079 against a reported Credit Limit of $500 on the same tradeline.

37. The payment history for this tradeline omits the entire year 2023. Equifax's grid displays rows for 2025, 2024, 2022, 2021, 2020, and 2019, and skips 2023 altogether,

notwithstanding that the account was opened on April 29, 2019 and remained open throughout 2023.

38. Equifax reports no payment history data for any month of the year 2024 on this tradeline, while simultaneously reporting balances, scheduled payment amounts, and last payment dates for every month of 2024 in the same tradeline's twenty-four-month history.

39. Equifax reports a Last Payment Date of September 22, 2022 for each month from January 2024 through August 2024, and a Last Payment Date of September 22, 2024 for September 2024, while the account detail field for the same tradeline reports a Date of Last Payment of December 22, 2024.

40. Equifax reports a Months Reviewed figure of 80 for this tradeline while displaying substantially fewer months of history, and leaves the Date of Last Activity field blank on an account it reports as charged off and closed.

## Defendant Equifax Refused to Provide Plaintiff with Full File Disclosure as Required by Section 1681g of the FCRA

41. Plaintiff requested Plaintiff's full file disclosure under section 1681g of the FCRA in the dispute letter attached as Exhibit A, stating expressly that Plaintiff requested a full file disclosure and that Equifax not withhold any information. The full file disclosure is more than what is provided in a consumer report or credit report; it is all of the information the credit bureau maintains concerning the consumer.

42. Defendant Equifax refused to provide Plaintiff with the full file disclosure. The law is clear under § 1681g that Equifax must provide Plaintiff with everything contained in Plaintiff's file.

43. Defendant Equifax knew that Plaintiff had requested this information and had identified who Plaintiff was, Plaintiff having enclosed proof of identity with the dispute, and nevertheless refused to send the file to Plaintiff's home address.

44. As one example, Equifax's disclosure contains accounts with missing data — including omitted dates of first delinquency, omitted dates of last activity, and entire years of omitted payment history — even though Equifax should have that data on file and furnishes it to third parties.

45. As a direct result of Equifax's refusal to provide Plaintiff with a full file disclosure as required by 15 U.S.C. § 1681g, Plaintiff has suffered both actual and intangible damages. Without access to the complete contents of Plaintiff's credit file, Plaintiff has been unable to determine what specific information Equifax is maintaining and disclosing to third parties. This has deprived Plaintiff of the opportunity to identify, dispute, and correct additional inaccurate or outdated information, and has left Plaintiff unable to determine whether further inaccurate or incomplete information exists that Plaintiff would need to dispute. This lack of transparency has caused emotional distress, including anxiety and frustration, and Plaintiff lost valuable time and resources attempting to obtain the file through lawful means.

**Equifax Refused to Accept Plaintiff's Consumer Statement as Required by Section 1681i**

46. Plaintiff specifically requested, as is Plaintiff's right under § 1681i, that a statement be added to Plaintiff's consumer file concerning the inaccurate and incomplete data on each of the disputed accounts, and Plaintiff supplied the text of a separate statement for each disputed account. (See Exhibit A)

47. Pursuant to 15 U.S.C. § 1681i(c), whenever a statement of dispute is filed, unless there are reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

48. Defendant Equifax failed to add the statement to each disputed account as Plaintiff requested in the Exhibit A letter. Equifax had no right to refuse to add the statements, as Plaintiff met the requirements of § 1681i, and Equifax refused to explain to Plaintiff why it declined to do so.

49. As a direct result of Equifax's refusal to include the consumer statements submitted pursuant to 15 U.S.C. § 1681i, Plaintiff suffered both tangible and intangible damages. Plaintiff was deprived of the statutory right to have Plaintiff's dispute accurately reflected in Plaintiff's credit report, thereby preventing potential creditors and other third parties from being made aware that Plaintiff contested the information Equifax was reporting. This omission materially misrepresented the nature of the reported accounts and caused Plaintiff's report to appear unchallenged and fully accurate when it was not, resulting in denial of credit, denial of favorable credit opportunities, anxiety, humiliation, and a diminished sense of agency.

**Failure to Provide Description of Reinvestigation Procedure — Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

50. On or about March 8, 2026, Plaintiff submitted a written dispute to Equifax regarding inaccurate and incomplete information contained in Plaintiff's credit file, and requested that Equifax provide Plaintiff with the results of its reinvestigation. (See Exhibit A)

51. In accordance with 15 U.S.C. § 1681i(a)(6)(B)(iii), Plaintiff requested that Equifax provide a description of the procedure used to determine the accuracy and completeness of the disputed information, including the name, address, and telephone number (if reasonably available) of each furnisher of information that Equifax contacted in connection with the reinvestigation.

52. Despite this clear statutory obligation, Equifax failed to provide the required procedural description, including the identity and contact information of the furnishers.

53. As a result, Plaintiff was left without a clear understanding of how Equifax conducted the reinvestigation or whether the investigation process complied with the standards set forth in the Fair Credit Reporting Act. Equifax's refusal to disclose this information obstructed Plaintiff's ability to identify and hold accountable the furnishers of false or inaccurate data, impairing Plaintiff's right to take corrective or legal action.

54. The failure to comply with § 1681i(a)(6)(B)(iii) caused Plaintiff to suffer actual damages, including loss of transparency in the reinvestigation process, emotional distress, and the ongoing harm of inaccurate credit reporting. Equifax's failure was willful or, in the

alternative, negligent, and entitles Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## Count I — Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681e(b)

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit file that it published and maintained after the date Plaintiff put Equifax on notice of the suspect and disputed inaccuracies.

57. Maximum possible accuracy means reporting every detail on a consumer report with accuracy and completeness. Equifax failed to follow reasonable procedures to assure maximum possible accuracy, as Plaintiff specifically disputed each detail that was inaccurate and incomplete, yet in spite of Plaintiff's dispute Equifax verified each account and continued to report the information Plaintiff disputed inaccurately and incompletely.

58. As a result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against Equifax's violation of Plaintiff's rights, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

59. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## Count II — Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681i(a)(1)(A)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

61. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to record the current status of the disputed information or delete the item from Plaintiff's credit file.

62. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) because Plaintiff disputed each inaccurate and incomplete item being reported on Plaintiff's consumer report, yet Equifax received Plaintiff's dispute and failed to update or delete any of the clearly inaccurate items that Plaintiff pointed out, which demonstrates that Equifax did not conduct a proper reinvestigation.

63. As a result of Equifax's violations of 15 U.S.C. § 1681i(a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against Equifax's violation of Plaintiff's rights, damage to reputation from the publication of an

inaccurate consumer report to third parties which in turn led to humiliation and embarrassment, anxiety, and other mental, physical, and emotional distress.

64. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## Count III — Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681i(a)(2)(A)

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

66. Equifax violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide each furnisher whose reporting Plaintiff disputed with all relevant information regarding Plaintiff's dispute, including the supporting documentation Plaintiff enclosed.

67. As a result of Equifax's violations of 15 U.S.C. § 1681i(a)(2)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

68. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count IV — Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)(4)**

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

70. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

71. In Plaintiff's dispute letter, Plaintiff pointed out multiple items of inaccurate and incomplete information that Equifax was reporting, and enclosed supporting documentation. Equifax in return sent back dispute results verifying the accounts as accurate while failing to update any of the incomplete and inaccurate information that Plaintiff clearly pointed out.

72. As a result of Equifax's violations of 15 U.S.C. § 1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation from Equifax's inaccurate reporting of these accounts, embarrassment and humiliation from Equifax furnishing Plaintiff's report to third parties, anxiety arising from the fear of Equifax continuing to furnish this inaccurate information to third parties, and other mental, physical, and emotional distress.

73. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative,

Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count V — Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)(5)(A)**

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

75. Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file, or to modify those items of information, upon a lawful reinvestigation.

76. As a result of Equifax's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

77. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees in an amount to be determined by the court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VI — Failure to Provide Full File Disclosure**

**15 U.S.C. § 1681g**

78. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

79. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

80. Plaintiff submitted a valid request to Defendant Equifax for Plaintiff's full file disclosure as defined by § 1681g.

81. Defendant Equifax willfully and/or negligently failed to provide all information in Plaintiff's file, including but not limited to accounts with missing data, omitted dates of first delinquency, omitted dates of last activity, and omitted payment history.

82. Equifax's refusal to provide the complete file has deprived Plaintiff of the ability to identify and challenge other potentially inaccurate or incomplete information, in direct violation of Plaintiff's rights under the FCRA.

83. As a result of Equifax's conduct, Plaintiff suffered actual damages including denial of credit, emotional distress, loss of transparency, and impairment of Plaintiff's ability to safeguard Plaintiff's credit file. Equifax's actions were willful, or in the alternative negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VII — Failure to Add Consumer Statement**

**15 U.S.C. § 1681i(c)**

84. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

85. Pursuant to 15 U.S.C. § 1681i(c), a consumer reporting agency must include a consumer's statement of dispute in the consumer's file and in any future consumer report that contains the disputed information, unless the statement is frivolous or irrelevant.

86. Plaintiff submitted a clear, relevant, and non-frivolous statement of dispute for each disputed account, requesting that Equifax include the statement in Plaintiff's file and with each disputed account.

87. Defendant Equifax willfully and/or negligently refused to add Plaintiff's statements to any of the disputed accounts.

88. As a result, Plaintiff's disputes were misrepresented to third parties, creating the false appearance that Plaintiff did not challenge the information, thereby harming Plaintiff's credibility and creditworthiness.

89. Plaintiff suffered tangible and intangible damages including financial loss, denial of credit, denial of favorable credit opportunities, and emotional distress including anxiety and anger. Equifax's refusal to include the statements, without lawful justification, violated § 1681i(c) and entitles Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VIII — Failure to Provide Description of Reinvestigation Procedure**

**15 U.S.C. § 1681i(a)(6)(B)(iii)**

90. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

91. Under 15 U.S.C. § 1681i(a)(6)(B)(iii), a consumer reporting agency must, upon request, provide a consumer with a description of the procedure used to determine the accuracy and completeness of disputed information.

92. This description must include the name, address, and telephone number (if reasonably available) of any furnisher of information contacted during the reinvestigation.

93. Plaintiff properly requested this information in connection with Plaintiff's dispute in 2026.

94. Defendant Equifax failed to comply with this statutory requirement and refused to disclose the identity and contact information of the furnishers, thereby obstructing Plaintiff's right to evaluate the adequacy of the reinvestigation.

95. As a result, Plaintiff suffered damages including the loss of transparency in the dispute process, emotional distress, and diminished ability to pursue further legal remedies. Equifax's actions were willful, or in the alternative negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; for Plaintiff's attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; and for such other relief as the Court deems just and proper. **TRIAL BY JURY IS DEMANDED.**

Dated: This 16th August 2026

Respectfully submitted,

***/s/ Esther Oise***
**Esther Oise, Esq.**
Georgia Bar No.686342
OISE LAW GROUP, P.C.
2635 Governors Walk Blvd
Snellville, GA 30039
Tel: (770) 895-3736
Fax: (980) 265-8981
oiselaw@gmail.com

*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A. Plaintiff's written dispute to Equifax Information Services LLC, dated March 8, 2026, with enclosures.

B. Equifax's dispute results and Plaintiff's subsequent Equifax consumer report.